# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA
# NORTHWESTERN DIVISION

| | | |
|---|---|---|
| Slawson Exploration Company, Inc., | ) | |
| | ) | **ORDER GRANTING PLAINTIFF'S** |
| Plaintiff, | ) | **MOTION FOR TEMPORARY** |
| | ) | **RESTRAINING ORDER** |
| vs. | ) | |
| | ) | Case No. 4:12-cv-104 |
| Edward S. Danks, | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court is Slawson Exploration Company, Inc.'s "Motion for Temporary Restraining Order Without Notice," filed on July 31, 2012. See Docket No. 2. The motion was submitted pursuant to Rule 65 of the Federal Rules of Civil Procedure. For the reasons explained below, the motion is granted.

## I.  BACKGROUND

Slawson Exploration Company, Inc. ("Slawson Exploration") is an oil and gas exploration company that conducts oil and gas drilling activities in North Dakota. Slawson Exploration claims that it has the right to conduct drilling and production activities on and under a certain surface estate owned by defendant Edward S. Danks. See Docket No. 4, p. 1. The property is located in McKenzie County, North Dakota and is more precisely described as follows:

> Township 151 North, Range 94 West
> Sec: 20: W/2

See Docket No. 4, p. 1. Slawson Exploration contends that Danks is a member of the Three Affiliated Tribes of Fort Berthold Reservation and the surface rights to the land were allotted to him by virtue of his tribal membership.

Slawson Exploration claims that, by virtue of its interest in the oil and gas leasehold estate, it has a valid permit from the North Dakota Industrial Commission to conduct drilling and production activities on and under the property. See Docket Nos. 4, p. 1 and 4-2. The company contends it obtained permission from the United States Department of Interior, Bureau of Indian Affairs to construct a well pad and access road on the surface of the property. See Docket No. 4-3. Also, Slawson Exploration entered into an agreement with Danks, as the surface estate holder, that grants Slawson Exploration the right to conduct drilling and production activity on the property. See Docket No. 4-1. However, the company contends that Danks is interfering with its access to the land and ability to conduct drilling activity. Slawson Exploration presents this ex parte motion for a temporary restraining order seeking to enjoin Danks from such interference.

## II. LEGAL DISCUSSION

Pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, and in determining whether a temporary restraining order should be granted, the court is required to consider the factors set forth in Dataphase Sys., Inc., v. C L Sys., Inc., 640 F.2d 109, 114 (8th Cir. 1981). Whether a temporary restraining order should be granted involves consideration of "(1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." Id.

It is well-established that the movant has the burden of establishing the necessity of a temporary restraining order. Baker Elec. Coop., Inc. v. Chaske, 28 F.3d 1466, 1472 (8th Cir. 1994); Modern Computer Sys., Inc. v. Modern Banking Sys., Inc., 871 F.2d 734, 737 (8th Cir. 1989). "No

single factor is dispositive; in each case all of the factors must be considered to determine whether on balance they weigh towards granting the injunction." Baker Elec. Coop., Inc., 28 F.3d at 1472 (quoting Calvin Klein Cosmetics Corp. v. Lenox Labs., Inc., 815 F.2d 500, 503 (8th Cir. 1987)).

### A.    IRREPARABLE HARM

The plaintiff must establish there is a threat of irreparable harm if injunctive relief is not granted and that such harm is not compensable by money damages. Doe v. LaDue, 514 F. Supp. 2d 1131, 1135 (D. Minn. 2007) (citing Northland Ins. Co. v. Blaylock, 115 F. Supp. 2d 1108, 1116 (D. Minn. 2000)). "The 'mere possibility' that harm may occur before a trial on the merits is not enough." Johnson v. Bd. of Police Comm'rs, 351 F. Supp. 2d 929, 945 (E. D. Mo. 2004). The party that seeks injunctive relief must show that a significant risk of harm exists. Doe, 514 F. Supp. 2d at 1135 (citing Johnson, 351 F. Supp. 2d at 945). The absence of such a showing is sufficient grounds to deny injunctive relief. Id. (citing Gelco v. Coniston Partners, 811 F.2d 414, 420 (8th Cir. 1987)).

Slawson Exploration contends that Danks's interference with its right to access the land and conduct drilling activities is causing, and will continue to cause, irreparable harm because it will not be able to commence construction of the wellsite or access road; it will not be able to commence drilling the proposed well prior to the expiration of its permit on August 24, 2012; and its interest in the mineral leasehold estate may be lost. Irreparable harm may be shown where money damages are insufficient to remedy the prospective harm. Id. The Court finds that Slawson Exploration has shown that irreparable harm may occur absent a temporary restraining order due to the time-sensitive nature of its permit to drill and its interest in the mineral leasehold.

3

In addition, the Eighth Circuit Court of Appeals has explained that a district court can presume irreparable harm if the movant is likely to succeed on the merits. Calvin Klein Cosmetics Corp., 815 F.2d at 505 (citing Black Hills Jewelry Mfg. Co. v. Gold Rush, Inc., 633 F.2d 746, 753 (8th Cir. 1980)). As discussed below, the Court finds that irreparable harm is shown because Slawson Exploration has demonstrated a sufficient likelihood of success on the merits. Accordingly, this factor weighs in favor of the issuance of a temporary restraining order.

### B.  BALANCE OF HARM

Slawson Exploration contends the balance of harm favors the company because it has the right to access the property and conduct drilling activities, and Danks will be compensated for any damage to his surface rights pursuant to the agreement. Slawson Exploration filed with the Court its agreement with Danks, along with documents from federal governmental agencies that authorize Slawson Exploration to conduct drilling activities. On the face of the documents, it appears that Slawson Exploration has the right to access the land and conduct drilling activities. In addition, it appears that Danks will receive compensation for damage to the surface estate caused by oil development activities. The Court finds that at this preliminary stage of the litigation, this factor weighs in favor of the issuance of a temporary restraining order.

### C.  PROBABILITY OF SUCCESS ON THE MERITS

When evaluating a movant's "likelihood of success on the merits" the court should "flexibly weigh the case's particular circumstances to determine 'whether the balance of equities so favors

the movant that justice requires the court to intervene to preserve the status quo until the merits are determined.'" Calvin Klein Cosmetics Corp., 815 F.2d at 503 (quoting Dataphase, 640 F.2d at 113). At this preliminary stage, the Court need not decide whether the party seeking the temporary restraining order will ultimately prevail. PCTV Gold, Inc. v. SpeedNet, LLC, 508 F.3d 1137, 1143 (8th Cir. 2007). Although a temporary restraining order cannot be issued if the movant has no chance on the merits, "the Eighth Circuit has rejected a requirement as to a 'party seeking preliminary relief prove a greater than fifty per cent likelihood that he will prevail on the merits.'" Id. (quoting Dataphase, 640 F.2d at 113). The Eighth Circuit has also said that of the four factors to be considered by the district court in considering [temporary restraining order] relief, the likelihood of success on the merits is "most significant." S & M Constructors, Inc. v. Foley Co., 959 F.2d 97, 98 (8th Cir. 1992).

It is well-settled North Dakota law that, when the mineral estate is severed from the surface estate, the mineral estate is generally dominant and the surface estate is subservient. The North Dakota Supreme Court has explained

> where the mineral estate is severed from the surface estate, the mineral estate is dominant. See Annot., 53 A.L.R.3d 16; 4 Summers, Oil and Gas, § 652; 58 C.J.S. Mines and Minerals § 159b. The mineral estate is dominant in that the law implies, where it is not granted, a legitimate area within which mineral ownership of necessity carries with it inherent surface rights to find and develop the minerals, which rights must and do involve the surface estate. Without such rights the mineral estate would be meaningless and worthless. Thus, the surface estate is servient in the sense it is charged with the servitude for those essential rights of the mineral estate.

Hunt Oil Co. v. Kerbaugh, 283 N.W.2d 131, 135 (N.D. 1979).

The documents filed by Slawson Exploration reveal that the company has an interest in the mineral leasehold estate and that Danks is entitled to the surface estate. Under North Dakota

5

law, Slawson Exploration may generally utilize the portion of the surface estate that is reasonably necessary to explore, develop, and transport minerals. Thus, Slawson Exploration appears to have asserted a lawful claim in this motion. The Court finds that at this preliminary stage, this factor weighs in favor of the issuance of injunctive relief.

### D. PUBLIC INTEREST

The Legislative Assembly of North Dakota expressly announced by statute that it is "in the public interest to foster, to encourage, and to promote the development, production, and utilization of natural resources of oil and gas in the state . . . ." N.D.C.C. § 38-08-01. The owners of mineral estates are required by law to justly compensate surface estate owners. N.D.C.C. § 38-11.1-01. The Court finds that at this preliminary stage, this factor favors granting Slawson Exploration's motion for a temporary restraining order.

### III. CONCLUSION

After carefully reviewing the entire record and the <u>Dataphase</u> factors, the Court finds that Slawson Exploration has met its burden under Rule 65 of establishing the necessity of an ex parte temporary restraining order. The Court **GRANTS** the Plaintiff's motion for a temporary restraining order (Docket No. 2). Edward S. Danks is **ENJOINED** from interfering with Slawson Exploration's rights to both access the property and conduct drilling activities on the property described above in McKenzie County, North Dakota. In addition, it is **ORDERED**:

1) That the Defendant and any persons or entities acting in concert with or on behalf of the Defendant, unless by the written consent of the Plaintiff, shall be restrained

and enjoined during the pendency of this action from interfering in any way with the Plaintiff and is contractors' attempts to access and use for drilling operations the following real property located in McKenzie County, North Dakota:

Township 151 North, Range 94 West

Sec: 20: W/2

2) That the Defendant shall appear in Courtroom One of the U.S. District Court for the District of North Dakota, in Bismarck, North Dakota, on **Thursday, August 16, 2012 at 9:00 a.m.** to show cause under Rule 65 of the Federal Rules of Civil Procedure why he should not be restrained and preliminarily enjoined during the pendency of this action.

3) That the Defendant may at any time file a motion to dissolve or modify this temporary restraining order in accordance with Rule 65(b)(4) of the Federal Rules of Civil Procedure. If such a motion is not filed within fourteen (14) days after service of this order, the temporary restraining order shall be deemed consented to based upon the grounds set forth above until further order of the Court.

4) No bond shall be required to be posted by the Plaintiff before the temporary restraining order is effective.

5) The temporary restraining order was issued without notice for the specific reasons set forth in the Declaration of Lawrence Bender submitted in support of the motion for a temporary restraining order, which the Court incorporates by reference. See Docket No. 5.

6) The Plaintiff shall arrange for the immediate service of this order together with the Plaintiff's "Motion for Temporary Restraining Order Without Notice" (Docket No. 2) and supporting pleadings and affidavits (Docket Nos. 3, 4, and 5), and shall promptly file proof of service with the Court.

7) In accordance with Rules 65(b)(2), this order expires in 14 days or on August 16, 2012, at the same hour of this Order, unless the Court, for good cause, extends the order "for a like period or the adverse party consents to a longer extension."

**IT IS SO ORDERED.**

Dated this 2nd day of August, 2012, at 3:00 p.m.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, District Judge
United States District Court